[No. 32284. Department One. February 13, 1953.]

EBBA BROWN, *Appellant*, v. JOHN L. SCHARFF *et al.*, *Respondents.*[1]

*Charles P. Lund* and *Arthur E. Florer,* for appellant.

*H. Earl Davis,* for respondents.

[1]Reported in 253 P. (2d) 426.

OLSON, J.—Plaintiff and three companions rented a suite of rooms from defendants, operators of a motor court. Plaintiff took no part in the rental negotiations with defendants. She entered the apartment after they had been completed and examined the bathroom. She found it had no equipment for a shower bath. Hoping to find such an accommodation, she continued her search around a corner in the hall adjoining the apartment. There she came upon a door which was fastened with a hook. There was no sign on this door. Thinking it was the entrance to a shower room, she lifted the hook, opened the door, and, as she testified, "groped around for a light on the wall with my left hand, and at the same time I lost my balance and fell," down a stairway to the basement floor.

At the conclusion of plaintiff's case, defendants' challenge to the sufficiency of the evidence to establish their negligence was sustained, and the action dismissed. Plaintiff has appealed.

Ordinarily, we are in as good position as the trial court to rule upon such a challenge because all of the evidence upon which the ruling is based is brought to us, and the decision does not turn upon the weight to be given to any of the testimony. The challenger admits the truth of the evidence and all inferences that reasonably can be drawn from it, and knows that it will be interpreted most strongly against him and in the light most favorable to his opponent. In this case, the record is replete with "indications" made by counsel and by various witnesses, particularly in connection with an exhibit described as a sketch of the premises. What was indicated is not made clear. We, therefore, do not have before us all of the evidence as it was presented to the trial court. This fact necessarily inclines us toward affirmance.

Plaintiff's argument is that there is evidence to sustain her contention that defendants failed to use reasonable care to maintain their premises in a reasonably safe condition. We will use this as the proper measure of defendants' duty to plaintiff in this case, whether the door in

question be said to be within the area rented for occupancy by plaintiff or in a hall leading to that area.

■ From the evidence in the record, it appears that this door was latched. This fact and its location and surroundings indicate that the premises were reasonably safe. In any event, defendants did not state to plaintiff or her companions that there was a shower in the apartment, and there can be no reasonable inference that it was so equipped from the fact that the apartment was described as being "modern." Defendants gave plaintiff no reason to believe and could not reasonably have known or realized that she might think the door was for her use for any purpose. We conclude, as did the trial court, that under the facts and circumstances shown by the evidence, reasonable minds cannot differ upon the proposition that defendants did not breach their duty to plaintiff.

The judgment is affirmed.

GRADY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.